## T. S. Waller, et al. v. City of Morganfield.

## Bettie B. Waller, et al. v. Same.

(Decided November 27, 1917.)

### Appeals from Union Circuit Court.

1. **Municipal Corporations—Damages—Measure of in Action for Change in Grade of Street.**—Where a municipal corporation changes the grade of an established street and the abutting property owner seeks to recover damages for injury to his property caused by the change, the measure of damages to which he is entitled is the difference between the fair market value of the property just before it was generally known that the change would be made and the fair market value of the property just after the change was made.

2. **Municipal Corporations—Damages—Change in Grade of Street— Improvements at Cost of Abutting Property Owner to be Disregarded in Estimating.**—Where the grade of an established street

has been changed to the injury of an abutting property owner, in estimating the damages to which he is entitled, the court should instruct the jury to disregard any enhancement in the value of the property due to improvements made at the cost of the property owner after the change was made.

3.   Appeal and Error—Instructions—Harmless Error in.—Although an instruction on the measure of damages given in a suit against a city to recover damages for a change made in the grade of a street was erroneous, the error was not prejudicial on account of the form of the questions asked the witnesses who testified on the subject of the alleged injury to the property.

DRURY & DRURY and T. S. WALLER, JR., for appellants.

FLOURNOY & FLOURNOY, W. T. HARRIS, L. C. FLOURNOY and W. B. HARRIS for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming in each case.

In these cases the appellants brought suits against the city of Morganfield to recover damages to their property sustained, as they alleged, by the manner in which the city changed the previously established grade of a street in front of their property, thereby diminishing the value the property had before the change was made. On the trial of the cases, which it appears were heard together, there was a verdict and judgment for the city in each case, and the property owners appeal.

The only error assigned as a ground for reversal is that the court committed error in the instruction on the subject of the measure of damages. The court told the jury that "if you shall believe from the evidence that said property, or a portion thereof, was depreciated or diminished in value by reason of the change made in raising or lowering the established grade of the sidewalk or street along and adjacent to plaintiffs' property in question, then in that event the law is for the plaintiffs and you should so find and award to him or them such an amount in damages as will fairly and reasonably compensate him or them therefor, and if you find for the plaintiffs, or either of them, you will in making your estimate consider the fair market value of plaintiffs' said property just before it was generally known that said work of raising a portion and lowering a portion of said sidewalk and street would be done at the points it was so done, and the fair market value of said property just after said work was done as it was done, and if there was

a decrease or diminution in its market value caused by the work so done in raising or lowering any part or parts of said sidewalk or street as complained of by the plaintiffs, then you should award to the plaintiffs the difference in the value so found as the amount of damages to their said property by reason of said work, not exceeding the sum of $4,300.00.''

Counsel for the appellants offered the following instruction, which the court refused to give: ''You are further instructed that after the changes were made in the grade of the street and sidewalk of South Morgan street, that under the requirements of the defendant, city of Morganfield, there was constructed upon the new grade a vitrified brick street with concrete gutters and curbs and granatoid sidewalks, and it is admitted at bar that the entire cost of these improvements was paid by the property owners abutting on said street, including the plaintiffs. Therefore, in making your estimate and arriving at the fair market value of the property of the plaintiffs after the changes in the grade of the street and sidewalks you will not consider any enhancement in the value of this property resulting solely from the construction of said brick street, concrete gutters, curbs and granatoid sidewalks.''

In reading these two instructions it will at once be seen that the objection to the instruction given by the court consists in the fact that the court failed to advise the jury that in arriving at the fair market value of the property after the changes in the grade had been made, they should not consider any enhancement in the value of the property resulting solely from the construction of the street, gutters, curb and sidewalk. To make understandable the point of this objection, it should be here said that some years before 1914 the grade of the street along this property had been established, and that in 1914 the city by ordinance directed material changes to be made in the grade of this established street, at the same time directing the property owners to cover the new street with brick and construct new sidewalks, gutters and curbing along the street. It further appears that the cost of these various improvements so ordered to be made by the city, including the vitrified brick that covered the new street, was $3.63 per front foot, and that the property owners were compelled to and did pay all this cost.

The making of these new sidewalks and curbing and covering the new street with brick, naturally increased

the value of the abutting property, and so it will at once be seen that if the enhanced value of the property caused by these improvements, paid for by the property owners, should be estimated in considering the value of the property after the change in grade was made, they would be, in effect, paying the damages to the extent of the cost to them of the improvements. Or, to put it in another way, if the change in the grade of the street, leaving out of view the improvements made at the cost of the abutting property owners, diminished the value of the property $3.63 per front foot, they would be entitled to damages estimated on this basis. But if, on account of the improvements made at an expense to them of $3.63 per abutting foot, the market value of their property, after the change in the grade was made, was the same as before the grade was changed they would not be entitled to any damages caused by the change in the grade under the instructions given by the court, although plainly they had been damaged $3.63 per front foot. It follows from this that it would have been error for the court to have given the instruction it did give and not to have given the instruction offered by the property owners, except for the fact that in estimating the difference between the market value of the property before the change was made and its market value afterwards, the witnesses were told to disregard any enhancement in value caused by the improvement. For example, the form of question asked the witnesses was this: "What is the difference in the fair market value of all this property just before it was generally known that the change in grade would be made and the value just after the change was made, disregarding any enhancement resulting from the · construction of the brick street and granatoid sidewalk?"

Under questions in this form the witnesses for the property owners estimated the difference in the value of the property at various sums and explained why and how the property had been damaged; while the witnesses for the city, in response to similar questions, said there was no difference in its value or that the property was more valuable after the change was made than it was before it was made, and gave the reasons for so believing.

In view of the form of the questions submitted to the witnesses for the purpose of getting their opinion as to the depreciation in the value of the property, they were required to and did exclude from their estimate any en-

hancement of the value of the property resulting from the construction of the brick street and granatoid sidewalks; and it is further, as we think, reasonable to assume, in view of these questions and the answers thereto, that the jury, in disposing of the case, excluded from their consideration any enhancement in the value of the property resulting from the construction of the sidewalks and curbing and the brick used in covering the street. The jury had before them the evidence of the witnesses for the property owners saying how much the property owners had been damaged, excluding the enhancement in the value of the property brought about by the improvements made at the cost of the property owners, and the evidence of the witnesses for the city saying that excluding the enhancement in value on account of these improvements, there had been no depreciation in the value of the property; and this being so, they must have understood from the instruction that in determining whether to allow or not to allow damages, they should look at the situation as if no improvements had been made by the property owners and at the conditions as they appeared after the change and before the improvements were made.

Accordingly, we think the substantial rights of the property owners were not prejudiced by the form of the instruction, although they would have been except for the form of the questions asked the witnesses. We are further convinced of the correctness of this conclusion by the fact that there was ample evidence for the city showing that, after disregarding the enhancement in value of the property due to the improvements made at the expense of the property owners, there was no depreciation in value of the property caused by the change in the grade of the street.

The cases of City of Louisville v. Kaye, 122 Ky. 599, and City of Lexington v. Chenault, 151 Ky. 774, are referred to by counsel for appellee as supporting the instruction given by the court, but the opinions in these cases do not show that any improvement was made at the cost of the property owners between the time when the grade of the street was changed and the institution of the suit to recover damages. In other words, it would appear from the opinions that the property at the time of the trial was in the same condition that it was before the grade was changed, except such changes as resulted from the alteration of the grade. We are quite sure

that it did not appear in either of those two cases that the property owners had made improvements similar to those shown in this case, and under like circumstances.

Wherefore, the judgment in each case is affirmed.