## Norton Coal Mining Company v. Wilkey et al.

(Decided January 24, 1930.)

C. J. WADDILL and JOHN T. EDMUNDS for appellant.

J. A. JONSON and CHAS. G. FRANKLIN for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Appellees, L. P. Wilkey and W. M. Wilkey, who were the plaintiffs below, own 231 acres of land near Nortonville in Hopkins county. Pleasant Run creek flows through the farm. All of the land is lowland subject to overflow. The Norton Coal Mining Company operates a coal mine and washery in the watershed of Pleasant Run creek, and plaintiffs brought this action to recover damages to their farm and growing crops alleged to have been caused by the pollution of the waters in Pleasant Run creek resulting from the operation of appellant's coal washery.

This is the second appeal of this case. The opinion on the former appeal (Norton Coal Mining Co. v. Wilkey) is reported in 224 Ky. 192, 5 S. W. (2d) 1058, where a statement of the facts will be found. On the first trial plaintiffs recovered a judgment for $2,000 which was reversed on the ground that the evidence as to the extent of the damage was vague and intangible and furnished no standard whereby the jury could intelligently measure the diminution of the rental value of the farm during the years sued for. On the return of the case to the lower court, the plaintiffs filed an amended petition in which they sought additional damages in the sum of $1,200 for the years 1927 and 1928, but in the prayer of the amended petition they asked for total damages in the sum of $3,000, the amount prayed for in the petition. On the second trial the jury returned a verdict in favor of plaintiffs for $1,750.

A reversal is sought on the following grounds: (1) The evidence was not sufficient to form a basis for any fair estimate of damages: (2) the verdict is flagrantly against the weight of the evidence; (3) the verdict is excessive; and (4) the instruction on the measure of damages is erroneous.

On the first trial plaintiffs proved that the rental value of the land had been reduced one-half, but they failed to show the number of acres cultivated each year, the kind and character of crops raised, or the market value thereof, and it was held that the evidence was insufficient to enable the jury to measure the damages. On the second trial evidence was introduced which showed the number of acres cultivated each year, the kind of crop raised, and the amount of each crop produced and the

amount which would have been produced without the operation of the washery. The market price of the various crops for each year was also proved. A number of witnesses testified that the reasonable rental value of the land without the operation of the washery was from $5 to $8 an acre for the land cultivated, and $1 to $2 an acre with the washery in operation. This evidence fully supplied the deficiency in the evidence on the first trial, pointed out in the former opinion and furnished a standard by which the jury could fairly measure the damages.

The appellant introduced a number of witnesses who testified that the crop failures during the years sued for were due to wet seasons, and not to the operation of the washery, and that similar lands in the same locality not affected by the operation of the washery failed to produce ordinary crops during these years.

While there was considerable conflict in the evidence, the jury are the judges of the weight of the evidence and the credibility of the witnesses, and the verdict cannot be disturbed on the ground that it is flagrantly against the weight of the evidence. Moreover, the evidence on the second trial was somewhat stronger for plaintiffs than it was on the first trial. In the opinion on the former appeal it was held in effect that the evidence was sufficient to establish that appellees' farm and the crops growing thereon during the years complained of were injured as a result of the operation of the washery. That is the law of the case and disposes of ground 2. The years sued for were 1923 and 1928, inclusive, but plaintiffs abandoned their claim for damages for the year 1928, as no crops were planted that year on account of the late season. The average number of acres cultivated during each of the other years sued for was approximately 70. If the diminution in the rental value of the cultivated land was $5 to $7 an acre, as plaintiffs' evidence tended to show, then the total damages exceeded the amount of the verdict and it cannot be said that the verdict is excessive.

It is finally urged that the instruction on the measure of damages is prejudicially erroneous. In their petition the plaintiffs asked for damages in the sum of $3,000; in the amended petition they sought damages in the sum of $1,200 for the years 1927 and 1928, but in the prayer of the amended petition they asked for a total sum of $3,000,

542

the same amount prayed for in the petition. The instruction on the measure of damages reads: ''If the jury find for plaintiff, it will award them such a sum in damages as it believes from the evidence will fairly compensate them for the diminution, if any, in the fair and reasonable rental value of the lands of plaintiff, caused by said acts of the defendant, if they were so caused, during the years 1923, 1924, 1925, 1926 and 1927, not exceeding in all $4,200.00, the amount claimed in the petition and amended petition.'' This instruction was erroneous in authorizing a recovery larger than the amount claimed in the petition and amended petition, but as the verdict was for much less than the amount claimed, the error was not prejudicial. Morgan v. Bennet, 182 Ky. 499, 206 S. W. 767.

This case has been tried twice, and two juries have returned verdicts for the appellees, and the judgment should not be reversed unless appellant's substantial rights have been prejudiced. Section 756 of the Civil Code of Practice provides, ''Nor shall a judgment be reversed or modified, except for an error to the prejudice of the substantial rights of the party complaining thereof.'' The giving of the instruction complained of was not prejudicial to the substantial rights of the appellant, and on the whole case no error is perceived warranting a new trial.

Judgment affirmed