## Johnston v. Benjamin.

(Decided March 25, 1927.)

### Appeal from Jefferson Circuit Court (Common Pleas, Third Division).

1. Contracts.—When stipulations in contract of sale are concurrent, as where deed is to be delivered on payment of price, an actual tender or demand by one party is necessary to put the other in default, though no tender of deed by vendor is necessary to put purchaser in default, where he has already announced that he will not carry out the contract, or has otherwise waived the necessity of a tender.

2. Vendor and Purchaser.—In purchaser's action to recover down payment after owners had conveyed to third persons, the mere inability and failure of plaintiff to perform, coupled with defendants' readiness, ability, and willingness to perform, were insufficient to obviate necessity for tender of deed, and hence instructions permitting recovery if plaintiff had not admitted his inability to perform and relinquished his rights to down payment, and refusal to submit issue of plaintiff's ability were not error.

3. Courts.—In action by purchaser to recover down payment, chancellor's refusal to reform contract to show that payment made was for option on the property held conclusive, after transfer of case to common pleas division, and exclusion of oral evidence tending to show option not error.

A. J. CARROLL and H. E. McELWAIN, JR., for appellant.

LAURENCE S. GRAUMAN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

On April 24, 1924, Louis Benjamin submitted a written proposition to purchase certain real estate in Louisville owned by Miss Mary Johnston in her own right and as trustee for her sister. The consideration was $125,000.00, payable as follows: "$1,000.00 cash to be

paid on acceptance of this proposition; balance to be paid on delivery of the deed.'' The proposition was accepted on April 25, 1924, and the $1,000.00 was paid to the Junius Caldwell Company and thereafter paid to Miss Johnston. On July 3, 1924, the owners sold the property to other parties.

This action was brought by Benjamin against Miss Johnston in her own right and as trustee for her sister to recover the $1,000.00. After setting out the contract, the payment of the $1,000.00 and the refusal of the defendant to return that sum, the petition alleged, in substance, that the defendants never delivered or tendered to him a deed to the property, but sold it to others and thereby put it out of their power to carry out the contract. The defendant filed an answer in two paragraphs. After denying certain allegations of the petition, the first paragraph of the answer admitted that no deed to said property was delivered or tendered to the plaintiff ''for the reasons hereinafter stated.'' Paragraph 2, in addition to other averments which were afterwards repeated in an amended answer, alleged, in substance, that the $1,000.00 was paid for an option on the property. On motion of plaintiff practically all of this paragraph was stricken. Thereupon, defendant withdrew paragraph 2 of the original answer and substituted in lieu thereof another paragraph, which, after pleading, in substance, that it was agreed between the parties to the contract that the $1,000.00 was to be paid for an option on the property, and that by fraud or mistake this part of the agreement was omitted from the contract, alleged that the Junius Caldwell Company, the sole agent of defendant, granted to Benjamin numerous extensions of time in order to enable him, if possible, to raise the necessary money to comply with the terms of the sale, but that he was unable to raise said money, and announced and stated that he would not and could not comply with the terms of the sale, and that the whole transaction would have to be cancelled, and that the same was cancelled with the distinct understanding and agreement on the part of Benjamin that the $1,000.00 which had been paid should be retained by the defendant. On the filing of the amended and substituted answer defendant's motion to transfer the case to equity was sustained. On final hearing the chancellor adjudged the evidence insufficient to justify a reformation of the contract and ordered the

case retransferred to the common pleas division, where a trial resulted in a verdict and judgment for plaintiff. Defendant appeals.

In addition to other instructions not material, the court instructed the jury as follows:

"2. You will find a verdict for the plaintiff in the sum of one thousand dollars, with interest or not in your discretion, from June 15th, 1924, unless you believe from the evidence as is presented by instruction number 3."

"3. If you believe from the evidence that, at any time between the making of the contract between the plaintiff and the defendant and the sale of the property by the defendant to A. R. Vogel and wife, the plaintiff, Louis Benjamin, announced to the defendant or her agent Junius Caldwell his inability to comply with his part of the contract and his willingness to relinquish the one thousand dollars paid as a binder on the contract, then the law is for the defendant and the jury will so find."

Besides other instructions bearing on an option given to the Junius Caldwell Company, and on the alleged contemporaneous agreement that the $1,000.00 was paid for an option on the property, the defendant offered instruction S, which was equivalent in effect to instruction 3 given by the court, and instructions U and V, which are as follows:

"U. If you believe from the evidence that the plaintiff, Louis Benjamin, failed to complete the terms of sale and was unable to raise the purchase price of a hundred and twenty-five thousand dollars in cash within a reasonable time from the date of the agreement, and that the defendant, Mary Johnston, was ready, able and willing to tender a deed to said property within a reasonable time from the date of said contract, the defendant was entitled to retain the thousand dollars, and you will so find."

"V. If you believe from the evidence that the defendant, Mary Johnston, or her agents, extended the time within which the plaintiff might complete the contract and comply with the terms beyond the time usually and customarily allowed in such cases, and that the plaintiff, Louis Benjamin, was unable and failed to complete the purchase and comply with

the terms of the agreement within the time so extended, and the defendant during such time was ready, able and willing to tender a deed to the property, then the defendant was entitled to retain the one thousand dollars and you will so find.''

Appellee testified that he never stated to Mr. Junius Caldwell that he was unable to take the property or agreed that the contract should be rescinded and that appellant should retain the $1,000.00, but claimed that while he had only $25,000.00 he had arranged with a Mr. Snyder, who corroborates him on this point, to furnish an additional $25,000.00, and with the Louisville Trust Company to secure a loan of $75,000.00 with which to purchase the property. On the other hand, Mr. Caldwell testified that after granting appellee several extensions he finally granted an extension of eight days. Appellee then came into his office and said he did not think he was going to be able to carry out the proposition. He told appellee he was sorry because it would cost him $1,000.00. Appellee then asked for an extension to the 7th or 8th of the month, which was granted, without consulting Miss Johnston. After that appellee came in and said he could not comply with the terms of the sale. Thereupon witness said he would see if he could get someone else to step in his shoes. Some time between the 12th and 14th of the month appellee came in and said he could not comply, and for witness to give the money to Miss Johnston.

On this showing appellant insists that the evidence was sufficient to make out a case for the jury as to who was in default, and that the court not only erred in giving instruction No. 2, but in failing to give an instruction similar to instructions U and V. In support of this view we are referred to a number of cases holding, in substance, that a party to an agreement to purchase property, who has advanced money in part performance of the agreement and then refused to proceed to the ultimate conclusion of the agreement, the other party being ready and willing to perform his part of the contract, is not entitled to recover his part of the money so advanced. Hansbrough v. Peck, 5 Wall. (U. S.) 497, 18 L. ed. 520; Ketchum v. Evertson, 13 Johns. (N. Y.) 359, 7 Am. Dec. 384. Even though this rule be conceded, it must not be overlooked that when the stipulations of the contract are concurrent, as where the deed is to be delivered on the

payment of the price, an actual tender and demand by one party is necessary to put the other in default. 27 R. C. L. 457. However, the law does not require an idle ceremony, and no tender of a deed on the part of the vendor is necessary to put the purchaser in default where he has already announced that he will not carry out the contract, or has otherwise waived the necessity for a tender. Harmon v. Thompson, 119 Ky. 528, 84 S. W. 569; Citizens' National Bank v. Davisson, 229 U. S. 212, 33 S. Ct. 625, 57 L. ed. 1153; Ann. Cas. 1915A 272; 27 R. C. L. 447; 39 Cyc. 2089. Here a waiver was pleaded, and the facts constituting the waiver were submitted to the jury by instruction No. 3, which, as before stated, is similar in effect to instruction S offered by appellant. As mere inability and failure on the part of appellee to complete the purchase, coupled with the readiness, ability and willingness on the part of appellant to perform, were not sufficient to dispense with the tender of a deed, we are constrained to the view that the trial court did not err in refusing to give either instruction U or instruction V, and that the given instructions fully covered the law of the case.

Another contention is that the court erred in excluding from the jury evidence tending to show that the $1,000.00 was paid for an option on the property. The argument is that, the contract being silent on the question, oral evidence was admissible, and the refusal of the chancellor to reform the contract was not conclusive. This contention can not be sustained. The written contract of sale shows that the $1,000.00 was a part of the purchase price, and evidence that it was paid for an option necessarily altered the terms of the contract. Therefore, the defense that the money was paid for an option was not available until the contract was reformed on the ground of mistake. As reformation was refused by the chancellor, and the judgment which he rendered has never been set aside or reversed, there is no escape from the conclusion that appellant's right to introduce evidence that the $1,000.00 was paid for an option on the property was foreclosed by the judgment. It follows that the ruling of the trial court on this phase of the case was proper.

Judgment affirmed.