## Thomson v. Coleman.

(Decided April 26, 1927.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch).

1. Corporations.—In action by buyer of corporate stock against sellers, evidence of agreement by sellers to repurchase it at face value if buyer should thereafter decide to sell held sufficient to go to jury.

2. Appeal and Error.—If plaintiff's evidence justified court in submitting case to jury, appellate court is bound by verdict for plaintiff.

3. Appeal and Error.—Where evidence conflicts, appellate court may not reverse case because evidence preponderated in favor of losing party, unless there is error in record which may have prevented jury from giving proper consideration to case.

4. Contracts.—In absence of specified time for performance of contract, it must be performed within reasonable time after performance can be made, and as to what is reasonable time depends on facts and inferences deducible from facts.

5. Corporations.—In action by buyer of corporate stock against seller on agreement to repurchase from him, evidence that buyer offered to resell within reasonable time held sufficient to go to jury.

JOSEPH J. HANCOCK for appellant.

C. HOUSTON McGREW and H. W. PHIPPS for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The appellee alleged in his petition that he purchased ten shares of preferred stock in the Cumberland Tire Rubber Company, a corporation of Louisville, Jefferson county, Ky. He alleged that three persons were instrumental in selling the stock to him, the appellant, A. V. Thomson, W. F. Maginis, and A. L. Henry. The basis of his action is that they agreed with him at the time he purchased this stock that they would repurchase same from him at its face value if he should thereafter decide to sell. He alleged that he purchased this stock upon the aforesaid agreement and the further representations that it was a safe investment and would yield 8 per cent. on his money. In response to a motion to require appellee to make his petition more specific as to the time he purchased this stock, he filed an amended petition alleging that it was on the 5th day of June, 1921. Appellant, Thomson, denied the allegations in the petition in so far as they related to him, and an issue was joined between appellant and appellee on the question as to whether the appellant agreed with appellee that he would repurchase the stock at its face value if appellee should become dissatisfied. Appellant filed an amended answer in which it was set out that the Cumberland Tire & Rubber Company undertook to reorganize for the benefit of its stockholders, and that the appellee refused to enter into such arrangements and thereby prevented the reorganization and for that reason his stock became worthless. The court allowed this to be filed, and it was controverted by agreement. The case

went to trial on the issues made between appellant and appellee, and the trial resulted in a verdict in favor of appellee for $1,000.

We find only one question in the record, and that is whether there was sufficient evidence to take the case to the jury. It is insisted by appellant that there was not sufficient evidence to take the case to the jury on the question of the entering into the contract to repurchase the stock, or if there was sufficient evidence on that point, there was not sufficient evidence to show that appellee demanded of appellant to perform his part of the contract within a reasonable time. The evidence is far from satisfactory, but if there was enough evidence in favor of appellee to justify the court in submitting the case to the jury we are bound by the verdict of the jury. Appellee testified that appellant said to him that he could get his money back for the stock, and, while he got to the point in a rather hesitating way, a reading of his testimony shows that he stated that appellant agreed to purchase the stock back from him and pay its par value if the appellee should become dissatisfied. This is denied by appellant, who is positive that he made no such agreement, and the circumstances surrounding the transaction to our mind tend more to support the evidence of appellant than that of appellee, but the matter was submitted to the jury under proper instructions, and the jury saw fit to accept the testimony of appellee on the point. This court is not at liberty to reverse such a case because the evidence preponderated in favor of the losing party, unless there was some error in the record which may have prevented the jury from giving to the case the consideration contemplated by the law.

We must determine the case upon the assumption that appellant agreed with appellee to repurchase his stock if he should become dissatisfied. The verdict of the jury places the matter before us in that light. It is admitted that there was no time fixed for the performance of the contract. In the absence of a specified time for the performance of a contract, the time within which it must be performed is a reasonable time after the condition arises when performance can be made. There has been no better statment of this principle than is found in Blackwell v. Fosters, 58 Ky. (1 Mec.) 88, which case is cited and relied on by appellant. As to what is a reasonable time depends upon all the facts and inferences de-

ducible from the facts. At the time appellant purchased his stock he believed that the company was solvent and was doing a good business. He was seeking an investment for his small savings which would be safe and which would return him 8 per cent. on his money. He was an unlearned man and knew little about the operation of the business. The corporation in which he purchased the stock continued to operate for some time, when it made arrangements with another concern to take over its property. The other concern made an effort to carry on the business, but the final conclusion of the whole matter was that the money invested in the stock of the company was entirely and wholly lost. The record does not clearly disclose when appellee first made demand of appellant to take his stock off of his hands. It is not uncertain that appellee was looking after the matter and was calling upon appellant about it. He testified that in the beginning of his demands for the carrying out of the contract the appellant postponed the matter by the statement that it was necessary to wait until Mr. Henry should come from Indianapolis. Appellee waited a long time about instituting his suit, but there is evidence that he had been trying to get his money back for two or three years before the suit was instituted. He testified that he first called on appellant while the business of the company was being conducted. It is admitted that he did not actually offer to hand to the appellant the stock which had been issued to him until 1924, but it is testified by appellee that he had been endeavoring to get the appellant to take up the stock for a long time before he actually took the stock to him. Appellant disclaimed all responsibility for the transaction and told appellee that the stock was worthless and that he had not agreed to stand behind the stock; but notwithstanding these positive statements on the part of appellant the appellee still pursued him.

The appellant was unfortunate in this venture, and he appears to have been the one who suffered most, but that is no reason why the contract which he made with appellee should not be carried out. Taking all of the circumstances in the light of the evidence, it appears to us that the lower court had before him sufficient evidence to justify his submitting the case to the jury on the question as to whether appellee acted within a reasonable time in seeking of appellant the fulfilment of the contract. The question was submitted to the jury, and the jury found that he did act within a reasonable time, and that

precludes us from considering the matter further It cannot be said that his failure to act more expeditiously in seeking a fulfillment of his contract showed lack of diligence, as a matter of law, which would preclude his right of recovery. Appellee placed before the jury enough evidence to justify the court in submitting the case to the jury on the two points mentioned. The law as given by the court fairly submitted the matter. There is no relief from the judgment, and it will have to be affirmed.

Judgment affirmed.