## Edwards v. Downing et al.

November 17, 1950.

Chester D. Adams, Judge.

Elmer Drake, Delmer D. Howard for appellant.
W. E. Darragh, Yancey, Martin & Okerman for appellees.

Judge Latimer—Affirming.

C. E. Downing and his sister, Inez T. Downing, appellees, obtained judgment against appellant in the sum of $1,000 as damages for breach of contract. The alleged breach arose in this manner. Appellant's bid of $16,000 for property offered by appellees at auction was accepted. Pursuant to terms and conditions announced at sale, down payment of $1,600, or 10% of the purchase price, was made on day of sale, the balance to be paid upon delivery of deed. Appellant allegedly failed to comply with the terms of the sale and consummate the transaction, thereby necessitating a second sale. Appellees sought to recover the difference between the bid price at the first sale and the sale price at the second auction.

Appellant's version of the transaction is that he did bid $16,000 for the property; that on the day of the sale he delivered his check in the sum of $1,600 as a down payment; that he was to pay the balance of $14,400 not later than October 1st; that a day or so after the sale, appellee, C. E. Downing, informed him that a mistake had been made and that he would not convey 188 foot frontage as advertised and announced at the sale, but instead would convey the tract with a frontage not in excess of 154 feet; and that because of this declaration, appellant then stopped payment on the $1,600 check made in down payment.

Had appellant been able to establish his version, his cause would be well founded and meritorious. However, it must be noted that appellee, C. E. Downing, strenuously denied making the alleged statement to appellant regarding a change in the frontage to be conveyed, and further testified that the property upon the second sale was the identical property sold at the first sale. Also, when we come to the matter of stopping payment on the check, appellant destroyed his version of the matter by testifying that he did not stop payment on the check and that he didn't know why payment was stopped or that it was stopped until this litigation. This matter, under adequate instructions, was properly submitted to the jury.

Appellant is insistent that before appellees should be heard they must have tendered a deed in accordance with the terms and conditions of the sale. This was

80

never done. We cannot lose sight of the fact that the down payment check was stopped. This certainly was a breach. It was entirely unnecessary and apparently useless and futile for appellees to tender a deed thereafter. Johnston v. Benjamin, 219 Ky. 169, 292 S.W. 801; Kentucky Consumers' Oil Company et al. v. General Bonded Warehousing Corporation et al., 299 Ky. 161, 184 S.W.2d 972; and Harmon v. Thompson, 119 Ky. 528, 84 S.W. 569.

The judgment is affirmed.