Chesapeake and Ohio Railway Company, &c., v. Mullins.

CASE 61—PETITION EQUITY—MAY 17.

# Chesapeake and Ohio Railway Company, &c., v. Mullins.

94 355
f129 536

APPEAL FROM KENTON CHANCERY COURT.

1. MUNICIPAL CORPORATIONS—NOTICE OF ORDINANCE FOR CONSTRUCTION OF SIDE-WALKS.—Where a city charter authorized the city to construct side-walks and assess the cost of construction against abutting property, provided that the owners of such abutting property should, for the period of fifteen days, have the privilege of doing the work themselves, notice to the lot-owner of the passage of the ordinance or resolution providing for the improvement was necessary in order to give a lien for the cost of construction; but *actual* notice was not required. The passage and publication of the ordinance furnished the owner with constructive notice, which was sufficient.

2. ACTUAL NOTICE is such notice as is required to be given in some particular way to each owner. Constructive notice is such as results from some public act required to be done, and in a particular manner, and of which the owners of the property upon which the burdens are imposed are required to take notice.

HALLAM & MYERS FOR APPELLANT.

1. The city charter requires actual notice to property owners before the city can construct a side-walk and charge the property with the expense of it. The act of 1882 requiring such notice was not repealed by the amendment of April 28, 1884.

2. The city council had no right, regardless of the charter, to charge abutting property with the cost of constructing side-walks without first notifying the property-owner and affording him an opportunity to do the work himself.

D. A GLENN FOR APPELLEE.

The proceedings of the council were regular, the appellant had notice provided by law, and the judgment should be affirmed.

CHIEF JUSTICE BENNETT DELIVERED THE OPINION OF THE COURT

The city of Covington, by ordinance, ordered the construction of a sidewalk in front of the appellant's property. The appellant having failed to construct

the sidewalk, it was constructed by the appellee as contractor. He now sues the appellant for the price of construction and for an enforcement of a lien on the property.

By section 1 of the act to amend the city charter, approved April 28th, 1884, it is provided in substance that the city of Covington shall have authority, by ordinance or resolution, by a vote of a majority of the board, without the petition or consent of the property-owners, to order or cause the construction of the sidewalks of any street, or any part thereof, &c., within the city, in such manner and with such material as it may deem best. It shall have authority to assess the costs of such construction, &c., against the lots or parts of lots, &c., in front of which the sidewalk is constructed or repaired, &c.; and a lien is given on the lots, or parts of lots, for the contract price, which shall attach from the time of the passage of the ordinance or resolution, and which may be enforced by the contractor or the city of Covington: Provided that the owners of said lots, &c, for the period of fifteen days after the passage of the ordinance or resolution, shall have the privilege of doing the work in the manner provided by the council.

Does the city charter require actual notice to the property-owners before the city can construct sidewalks, and charge the property with the expense of it? The section above referred to certainly does not require actual notice to the owners of the property. The section repeals the amendment of 1882 requiring actual notice to be given to the property holders.

Is it necessary that the property-owners shall

have actual or constructive notice before subjecting their property to the burden of constructing sidewalks, &c.? We think that actual or constructive notice is necessary. The State has the right to confer upon the towns and cities the right of local government, and to confer upon them such police powers as are necessary for their health, comfort, convenience, prosperity and happiness. These powers are granted and regulated in their respective charters. Their power to burden the property within their limits and make it contribute to these purposes, is given by their charters, which usually provide for giving the owners of the property notice, either actual or constructive, before taking it for such purposes. Actual notice is such notice as is required to be given in some particular way to each owner. Constructive notice is such as results from some public act required to be done, and in a particular manner, and of which the owners of the property upon which the burdens are imposed are required to take notice. Here the charter authorized the city of Covington, by ordinance or resolution, to make the abutting property pay the expense of constructing sidewalks, &c. There is no complaint that the ordinance in reference to the construction of the sidewalks in controversy was not, in every respect, regular and published in conformity to the requirement of the charter, thus making it a complete constructive notice to the appellant that its property was required to bear the expense of constructing the sidewalk, and which is all that is required by the charter.

The judgment is affirmed.