CASE 48—ACTION FOR INJURY TO PROPERTY—Nov. 1.

# City of Henderson v. Winstead.

APPEAL FROM HENDERSON CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

MUNICIPAL CORPORATIONS—CHANGE OF GRADE OF STREET—MEASURE OF DAMAGES.

Held: 1. In an action to recover damages for injury to abutting property by cutting down the grade of a street, there can be no recovery on account of the street being out of repair, or not graded or macadamized, after the grade was changed; and it is error to admit evidence or to instruct the jury as to such elements of damage.

2. The measure of damages in such an action is the diminution in value of the property by reason of the lowering of the grade of the street.

CLAY & CLAY, ATTORNEYS FOR APPELLANT.

CLASSIFICATION OF QUESTIONS DISCUSSED AND AUTHORITIES CITED.

MOTION TO STRIKE.

1. A municipal corporation having cut down and graded a street is responsible in damages to any one injured thereby, but it is not responsible in damages for its failure to rock or gravel the street so cut down and graded.

EVIDENCE.

2. Evidence to the effect that coal wagons and other heavy loads were difficult to be driven over the street or would mire is incompetent for the reason, first, that it was caused by reason of the failure on the part of the city to rock or gravel the street, and, second, because such facts do not show any special damage to the plaintiff's property.

INSTRUCTIONS.

3. The instructions of the lower court are erroneous as follows:

(a) It was error to instruct the jury that if they believed from evidence, among other things, that the street in front of

City of Henderson v. Winstead.

plaintiff's property was left in a bad condition for travel, they should find for plaintiff, because (a-1) for this a municipal corporation is not responsible unless some special damage is shown; (a-2) the instruction at the outside should have been if the street was left in a worse condition for travel than before the cut was made; (a-3) it calls the attention of the jury to a particular part of the evidence.

(b) The second instruction which limited the question of diminution of damages to the "special benefits not in common with other property, along the line of said grading or excavating," was erroneous. City of Elgin v. Eaton, 25 Am. Repts., 414; Walters v. City of St. Louis, 33 S. W. R., 441; Cole v. City of St. Louis, 34 S. W. R., 469.

(c) If an abutting owner has a right of action on account of the condition the street was left in after a cut is made, caused by its failure to rock or gravel the same, or from any other cause, he is not entitled to recover any damage sustained by him in common with the public generally, and the instruction tendered by defendant to this effect should have been given.

YEAMAN & YEAMAN, ATTORNEYS FOR APPELLEE.

POINTS AND AUTHORITIES CITED.

A lot owner may recover damages of a city for injury to his property by reason of the excavation of the street in front of his lot for the purpose of grading it. City of Henderson v. McClain, 43 S. W., 700; City of Louisville v. Hegan, 49 S. W., 532.

Lot owners have a peculiar interest in the street which neither the local nor general public can pretend to claim. Lexington, &c., v. Applegate, 8 Dana, 294; E. & B. R. R. Co. v. Combs, 10 Bush, 383; Dillon's Municipal Corporations, sec. 586b-656.

A city is liable for injury to abutting property caused by making an excavation in a street, and leaving the street in that condition for an unreasonable time, whereby the street has become impassable for a large part of each year, and the owner is deprived of access to his premises. City of Louisville v. Seibert, 51 S. W., 310; City of Louisville v. Zoeller, 52 S. W., 1116.

A verdict of $200 for damages to abutting property caused by the excavation of the street in front of it, for the purpose of grading the street, and for leaving the street after such excavation in a condition unfit for travel, thereby destroying the ingress and egress to appellee's lot, ought not to be disturbed.

The instructions of the lower court were proper. City of Louisville v. Hegan, 49 S. W., 432.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

Appellee, A. L. Winstead, is the owner of two vacant lots on First street in the city of Henderson, near the city limits. The city changed the grade of the street in front of his lots, cutting it down so that at the lowest point it was 4½ feet below the level of the ground, and at the highest point was on about the same level. He then filed this suit to recover of the city damages for the. injury to his property from the change of the grade of the street, alleging that thereby it had been damaged in the sum of $500. Issue was made as to the damages, and a verdict was rendered fixing the damages at $200. The chief questions on the appeal relate to the admission of evidence and the instructions of the court to the jury. As these raise, in effect, the same question of law, they will be considered together. The proof for appellee showed these facts: Before the street was cut down, it was on the natural surface of the ground, and had become hardened, leaving a good roadway to appellee's distillery, situated beyond on other property. Over it heavy loaded wagons could readily pass at all seasons of the year in front of the two lots in going to and from the distillery. On the side of the roadway there were a few trees and stumps, but there was no trouble in hauling over the roadway before it was cut down. After it was cut down, the city took no steps to rock or gravel or otherwise improve the street, and in wet weather and after freezes it became miry, and almost impassable. Coal wagons going with coal to the distillery mired in front of the lots, and. had to be unloaded before they could be moved. The city objected to all this evidence. The objection was overruled, and the evidence admitted, but the court told the jury they were not to consider any evidence about the dis-

tillery. There was also evidence for appellee tending to show that his lots would have to be re-graded, and to this extent were directly injured by the change of grade of the street. The evidence for the city tended to show that the roadway before the excavation was much like other dirt roads in winter or bad weather, and that from the slope of the lots they were not injured, but rather bene-fited by the excavation. On this evidence the court, by instructions 1 and 2, in effect told the jury that, if the property had been injured by reason of the street being cut down or left in a bad condition for travel, or the in-gress or egress to and from the street to the property had been impaired, they should find for appellee a fair com-pensation for the injury; and that in estimating the dam-ages they should not diminish the amount on account of any enhancement of the property in value by the change of the grade of the street, unless it received some special benefit not in common with other property along the line of the work. By instruction "A" they were also told substan-tially to find for appellee the amount the property was de-preciated in value, if any, by the excavation of the street. On the whole evidence it is clear that the damage to the two vacant lots from the change of the grade is slight, and that the verdict of the jury is largely due to the fact that the city failed to macadamize or gravel the street after it was cut down. If, by cutting down the grade of the street, the city injured appellee's property, it is liable to him for the damage thus done. But, when the change of grade had been made, if the city failed to keep the street in repair, that was a distinct matter from the cut-ting down of the grade, and the liability of the city for this is just the same as for failing to keep in repair any other street in the city. According to the evidence, the

street, after it was cut down, was good in the summer or in dry weather, but became bad from the hauling done over it when wet, or soft after a freeze. This was due to the city's failure to keep its streets in repair, or to have it graveled or macadamized. By section 3449, Kentucky Statutes, the city is empowered by ordinance to require the streets to be thus improved at the cost of the owners of the ground fronting the improvement. In determining whether or not such a burden should be placed on the property owners, the city council necessarily exercises a large discretion. For the failure of its authorities to exercise duties of a discretionary nature the city is not responsible. Elliott, Roads & S., section 632. For failure to repair its streets the city is civilly liable to any one using it who suffers special damage from its want of repair, but not to others. It was error, therefore, to admit the evidence as to the street being out of repair, or not graded or macadamized, and the recovery should have been limited to the damage to the two vacant lots from the cutting down of the street. The measure of damages is the diminution in value of the property by reason of the lowering of the grade of the street. City of Louisville v. Hegan (Ky.), 49 S. W., 532. Instruction "A" given by the court expressed the rule properly, and instructions 1 and 2 should not have been given. Judgment reversed, and cause remanded for further proceedings consistent with this opinion.