CASE 67.—ACTION BY KATE E. KAYE AGAINST THE CITY '
OF LOUISVILLE FOR INJURY TO HER PROPERTY
BY CHANGING THE GRADE IN THE STREET.—
April 17.

## City of Louisville v. Kaye

Appeal from Jefferson Circuit Court. (Common
Pleas Branch, Second Division.)

THOS. R. GORDON, Judge.

Judgment for plaintiff. Defendant appeals.
Reversed.

Municipal Corporations—Streets—Change of Grade—Damages—In
an action for damages to an abutting owner from a change
of grade of a street, the plaintiff is entitled to recover the
difference between the fair market value of the proprty just
before and just after the change; and the increased value of
plaintiff's property, in common with other property in the
square, by reason of the change in grade, is to be considered
in determining the damages.

A. E. RICHARDS and A. B. BENSINGER, attorneys for City of
Louisville.

We submit that instructions 1, 2, 3 and 4, given by the court to
the jury are correct, but contend that instruction No. 5 given by
the trial court is a clear departure from the instructions which
have been approved by the Court of Appeals of this State, and
also from the fixed and settled rule by which a jury is enabled
to ascertain whether or not property has been damaged by the
construction of a street.

### AUTHORITIES CITED.

Jeffersonville, M. & I. R. R. Co. v. Esterle, 13 Bush, 607; Chase,
etc. v. City of Portland, 86 Me., 367; Allen v. Charleston, 109
Mass., 243; Hilbourne v. Suffold, 120 Mass., 293; Donovan v.
Springfield, 125 Mass., 271; Abbott v. Cottage City, 143 Mass,

City of Louisville v. Kaye.

521; Kirkendale v. City of Omaha, 30 Neb., 1; Barr v. City Omaha, 42 Neb., 341; Church v. City of Milwaukee, 31 Wis., 523; Sutherland on Damages, vol. 4, page 193; Henderson & N. R. R. Co. v. Dickerson, 17 B. Mon. 180; City of Louisville v. Hegan, 20 Ky. Law Rep., 1532; City of Covington v. Taffee, 24 Ky. Law Rep., 373; City of Henderson v. Winstead, 109 Ky., 328.

WALLACE A. McKAY and ISAAC T. WOODSON, attorneys for appellees.

### PROPOSITIONS AND AUTHORITIES.

1. In an action against a municipality for damages arising from a change of grade of a street the measure of damages is the diminution of the value of the property from what it was just before the grading was completed down to the completion of the grading; and as against this the city is not allowed to setoff benefits arising to the property by reason of the construction of the street which are common or general benefits to the lot owners abutting on the street in that vicinity.

2. Even if the law permitted such a setoff or counterclaim the same must be duly pleaded in the answer; and in the absence of such plea the ciy is not entitled to any instruction giving it the advantage of such setoff or counterclaim.

### AUTHORITIES CITED.

Haines v. City of Duluth, 47 Minn., 460; Omaha Belt Ry. Co. v. McDermott, 25 Neb., 718; Sutherland on Damages, vol. 4, 193; Rudderrow, Trustee, v. City of Phila., 166, Pa. St., 247; Cole v. City of St. Louis, 132 Mo., 640; Hickman v. Kansas City, 120 Mo., 110; Spencer v. R. R. Co., 120 Mo., 154; Spencer, et al v. Met. St. R. Co., 23 S. W., 126 and cases cited; Chi. & S. F. R. Co. v. McGrew, 104 Mo., 290, and cases cited; Hickman v. City, etc., 120 Mo., 122; Heach v. Potts R. Co., 4 Cush. Mass., 29; Cowen v. Johns, etc (N. C.) 398; Palmer v. Ferrill, 17 Pick. Mass., 63; Smith's Modern Law of Corporations, 1211 and 1212; City of Harvard v. Crouch, 47 Neb., 136.

### KENTUCKY AUTHORITIES.

City of Henderson v. McGee, 22 L. R., 650; City of Covington v. Taffee, 24 Ky. Law Rep., 373; City of Henderson v. Winstead,

22 L. R. 828-830; City of Louisville v. Hegan, 20 L. R., 1522; City of Henderson v. McLain, 19 L. R., 1450; J. M. & I. R. Co. v. Esterle, 13 Bush. 676-7; Civil Code of Practice, sections 90-97 and 114; City of Covington v. Ulrich, 14 Ky. Law Rep., 302.

OPINION OF THE COURT BY JUDGE BARKER— Reversing.

The appellee, Kate E. Kaye, is the owner of a lot of ground in Louisville, Ky., situated on the north-east corner of Catalpa and Woodland avenues. In making Woodland avenue the city changed the grade of the street theretofore existing, and made a cut of four and one-half to five feet along the entire length of appellee's lot. To recover damages for this alleged injury, this action was instituted. A trial was had before a jury, and a verdict and judgment rendered in favor of appellee for the sum of $200, of which the city is now complaining.

. Upon the trial of the case the court gave the following instructions: "(A) The city of Louisville had the right to have Woodland avenue improved along and adjacent to the plaintiff's property described in the petition, but it had no right, in so doing, to diminish the value of said property; and if you believe from the evidence that said property was diminished in value by reason of the construction of said street, as it was constructed along and adjacent to plaintiff's property, then the law is for the plaintiff and you should so find. (2) But, unless you believe from the evidence that said property was diminished in value by reason of the construction of said street as it was constructed, the law is for the defendant and you should so find. (3) In making your estimate, you should consider the fair

market value of plaintiff's property just before it
was known that said street would be made as it was
made, and the fair market value after the making
of said street was completed, as shown by the evi-
dence; and if there is a decrease or diminution in
value, caused by the making of the street as it was
made, you should award the difference in value so
found to plaintiff as the amount of the damages to
her property by reason of the construction of said
street, not exceeding $700, the amount claimed in the
petition. (4) If there has not been any decrease in
the value of plaintiff's property by reason of the
making of said street as in these instructions above
submitted, you should find for the defendant. (5) If
you believe from the evidence that the property
generally on the square in which plaintiff's property
is situated was increased in value by reason of the
construction of said street, you should not consider
the increased value of plaintiff's property, if any
there was, which was common to the other property
on the said square, by reason of the said construction,
in determining whether or not plaintiff's property
was diminished by the construction of said street.''
The only error seriously relied upon for reversal of
this action is the giving of instruction No. 5.

The case of City of Henderson v. Winstead, 109
Ky., 328, 22 Ky. Law Rep., 828, 58 S. W., 777, is
identical in principle with that at bar. There the
court, in instructions 1 and 2, gave to the jury the
principle as announced in instruction No. 5 under con-
sideration; that is, ''in estimating the damages they
should not diminish the amount on account of any
enhancement of the property in value by the change
of the grade of the street, unless it received some

special benefit not in common with other property along the line of the work." Instruction A in the case cited fixed the measure of damages as in No 3 here. In the opinion, written for the court by Judge Hobson, it is said: "The measure of damages is the diminution in value of the property by reason of the lowering of the grade of the street. City of Louisville v. Hegan, 49 S. W., 532, 20 Ky. Law Rep., 1532. Instruction A given by the court expressed the rule properly, and instructions 1 and 2 should not have been given." This was a condemnation of instruction No.5 as given by the court in this case. In the case of City of Covington v. Taffee, 68 S. W., 629, 24 Ky. Law Rep., 373, we condemned an instruction containing the principle enunciated in No. 5 here, in the following language: "The recovery should have been limited to the difference caused by the grading of the street between the fair market value of the property before and after the grading was done. The city is not liable for a general drop in the real estate market." In the case of Jeffersonville, Madison & Indianapolis R. R. Co., etc., v. Esterle, 13 Bush, 667, which involved the damages to an abutting property owner by reason of the occupancy of a street of the city of Louisville by a railroad, the measure of damages was thus stated: "The jury should ascertain what the value of the property was just before it became generally known that the appellants' roads were to be located in front of it, and then determine what proportion of that value was taken from the house and lot by the obstruction of the street and the annoyances incident to the movement of engines and trains of cars along and over appellants' roads. This rule is simple, and it strips the

question of the complication and confusion which must necessarily arise in an attempt to distinguish between the natural increase of the value of the particular piece of realty and the increase attributable to the location of the line of railway.'' The same rule is laid down in the case of City of Louisville v. Hegan, 49 S. W., 532, 20 Ky. Law Rep., 1532. In Lewis on Eminent Domain, section 494, in defining the measures of damages in cases similar to this, the rule is thus stated: ''The correct measure of damages, in all such cases, is undoubtedly the diminution in value of the property by reason of the change. The owner should receive such a sum as will make him whole. It is proper to consider the expense of adjusting the property to the new grade, the cost of filling, and the cost of a retaining wall, if necessary. But these items cannot be recovered specifically. They are only elements tending to show damages.''

The instructions given by the court in this case from 1 to 4, inclusive, state the correct rule of law and the proper measure of damages in lucid and succinct terms. The learned trial judge, in giving instruction No. 5, evidently failed to distinguish between the direct damage, which arises from taking private property for public use, and the consequential damage, which arises, as in this case, from the city's changing the grade of its own street. At common law the property owner in a case such as this was without remedy, but our present Constitution has been construed so as to make the municipality liable. When the property of the citizen is taken for public use, the loss or damage accruing to him by this act cannot be offset by any speculative advantage; but

City of Louisville v. Kaye.

it has never been the rule that the incidental ad-
vantage arising from the public improvement may
not be considered in diminishing the consequential
damage or inconvenience.  In the case of Henderson
& Nashville R. R. Co. v. Dickerson, 17 B. Mon.,
173, 66 Am. Dec., 148, on the subject in hand, it is
said: "If, however, the owner claims more than the
value of the property taken, and seeks indemnity
for consequential inconvenience or injury, then the
advantages which result to him may be taken
into consideration and such advantages and dis-
advantages may be compared and set off, the
one against the other; and, if the advantages
are equal to the disadvantages, then he will not
be entitled to anything for such consequential
inconvenience or injury.  In this case, however, the
court instructed the jury, who assessed the damages,
that they were not to take into consideration, in esti-
mating the consequential damages which the owner
might sustain, any advantage that he might derive
from the construction of the road, unless it were
a special individual benefit, which was not common
to others in the same neighborhood.  In this exposi-
tion of the law we think that the court erred.  The
advantages which the owner may derive from the
construction of the road are not in the least
diminished by the fact that they will be enjoyed by
others, nor does it furnish any reason why they should
be excluded from the estimate in comparing the
advantages and disadvantages that will result to him
from the establishment of the road.  Other persons,
it is true, may enjoy the same advantages without
being subjected to the same inconvenience; but this
results from the nature of the improvement itself,

and does not in any degree detract from the value of these advantages to the owner of the land through which the road passes."

The foregoing authority is deemed conclusive of the question in hand, and the judgment is therefore reversed, for proceedings consistent herewith.