### Gee, et al. v. Cowherd, et al.

(Decided January 30, 1923.)

### Appeal from Christian Circuit Court.

1. Trial—Breach of Warranty—Instructions.—In a suit for breach of warranty in the sale of cattle alleged to have been diseased, an instruction requiring the jury to believe that defendant knew they were diseased is error.

2. Trial—Deceit—Breach of Warranty—Instructions.—If it is otherwise proper to submit to the jury an instruction permitting a recovery for deceit as well as for breach of warranty it is error to combine the two in one instruction, connected by the copulative conjunction "and."

3. Trial—Breach of Warranty—Instructions.—An instruction limiting plaintiff's recovery if he failed to exercise ordinary care in the treatment of the cattle after the discovery of their disease, is erroneous, in the absence of an affirmative plea authorizing it.

SELDEN Y. TRIMBLE and TRIMBLE & BELL for appellants.

BREATHITT & BREATHITT for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Appellants allege in their petition that they purchased from appellees a certain number of cattle; that at the time of the purchase appellees represented the cattle to be sound and in good physical condition and that they relied on those representations, but that the cattle were diseased and appellees knew that fact.

That same were taken to their farm and placed with other cattle to which the disease was communicated, and as a result fourteen of the herd died and others were stunted; all of which was caused by said misrepresentations of the appellees. They also plead special dam-

ages for extra attention, etc., and prayed a total recovery of $544.75.

These allegations were traversed by the answer which contained no affirmative plea. A trial before a jury resulted in a verdict for appellees.

Appellants insist that the verdict is not sustained by the evidence and that the instructions are erroneous.

They introduced a number of witnesses who testified strongly as to the facts claimed by them, but on the other hand appellees did the same, and the court cannot as a matter of law say that the verdict is not sustained by the evidence.

The first instruction reads:

"The court instructs the jury that if you believe from the evidence that the defendants sold to plaintiffs — head of cattle and represented them to be sound and in good physical condition or in substance so represented them and that they were received by plaintiffs upon said representation; and if you should further believe from the evidence that at the time of the sale of said cattle they were diseased and defendants, or either of them owning an interest in said cattle, knew they were diseased, whether there was warranty or representation of soundness or not, and if you should further believe from the evidence that after the said sale and delivery to plaintiffs, as a result of said disease, a number of said cattle, including four head of other cattle belonging to plaintiffs, which contracted said disease from the cattle purchased of defendants, died as a result of said disease, and that on account of the said disease the other cattle purchased that did not die, were stunted and damaged, you should find for plaintiffs such damages as you may believe from the evidence they have sustained, not exceeding the sum prayed for, $544.75; and unless you so believe you will find for defendants."

It will be observed that this instruction submits two issues to the jury, one as to the breach of warranty, the other as to deceit, and that both are connected by the copulative conjunction "and." It may be that it can be so construed as to permit a recovery for deceit without the jury also believing in the warranty. But it is clear that the jury could not find for the plaintiff on the breach of warranty without also believing that the defendants or one of them knew of the diseased condition of the cattle at the time of the sale.

It is elementary that in a suit for breach of warranty it is unnecessary for the plaintiff to prove knowledge upon the part of the defendant of the defective condition relied upon, hence, if it was proper to give an instruction on the issue of deceit in the sale of the cattle it should have been done in a separate instruction, or if connected with the breach of warranty instruction the two should have been connected by the disjunctive conjunction "or" and each set out with sufficient clearness to constitute an independent instruction. As given it was clearly erroneous.

In passing it might be said that it is questionable whether the petition stated a cause of action for deceit and as to whether any instruction should have been given on that. But as the petition was not paragraphed and no question was raised as to its sufficiency in this particular in either court it is unnecessary for this court to now discuss that feature, and it expressly refrains from so doing.

Instruction number four, given in this case was based on the idea that the injuries to the cattle were aggravated by plaintiff's negligence in failing to properly treat them after he discovered they were diseased. This instruction might have been proper if negligence in that respect had been plead, but in the state of pleadings there was nothing upon which to base it, and in another trial it will be omitted. C. N. O. & T. P. R. Co. v. Crabtree, 30 Rep. 1000; Cumberland R. R. Co. v. Baird, 156 Ky. 255.

Judgment reversed and remanded for proceedings consistent with this opinion.