## Barren Fork Coal Company v. Cogar Grain & Coal Company.

(Decided June 27, 1928.)

### Appeal from Mercer Circuit Court.

1. Contracts.—Conflicting evidence as to misrepresentations in securing contract constitutes a question for the jury.

2. Appeal and Error.—Verdict of a properly instructed jury on conflicting evidence is conclusive on appellate court unless it is flagrantly and palpably against the evidence as a whole.

3. Sales.—Finding that contract for sale of coal at a specified price was not procured by misrepresentation of buyer that coal was to supply schools, in order to secure reduced price thereon, held sustained by evidence.

E. H. GAITHER for appellant.

C. E. RANKIN for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

This controversy arises upon contracts for the sale of coal. The Barren Fork Coal Company is a producer and the Cogar Grain & Coal Company is a distributor of coal. In July, 1926, the parties entered into a contract by the terms of which the Barren Fork Coal Company sold to the Cogar Grain & Coal Company six to eight cars of coal at $2.10 per ton, for shipment during the month of August. Another contract for four cars of coal at $2.35 per ton was made on August 28, 1926. The Cogar Grain & Coal Company exercised its option to take eight cars under the first contract, and during the month of August gave orders for the shipment of eight cars. The Barren Fork Coal Company delivered six cars on the first and three cars on the second contract, but failed to make further deliveries. Delivery was promised, however, until in November, when positive refusal to make further deliveries was admitted. The Cogar Company declined to pay a balance of $570.10 claimed to be due for the coal delivered, and this suit was instituted by the Barren Fork Coal Company to recover from the Cogar Company that balance, with interest. The answer denied the accuracy of the account, and in a counterclaim sought to recover damages from the Barren Fork Coal Company for failure to deliver two cars of coal under the July contract and one car of coal under the August contract. The Barren Fork Coal Company sought to be relieved from the July contract on the ground that it was obtained by fraud and misrepresentation, it being alleged that the Cogar Company represented that it desired the coal for the Mercer county public schools, thereby obtaining the contract at a lower rate than was quoted for general use. This defense was denied by appropriate pleading, and the case was tried by a jury. The price of coal had advanced so that when the deliveries were refused in November, the market price of coal was $5 per ton. The jury returned a verdict for the Cogar Company allowing damages sufficient to extinguish appellant's claim, but the court entered judgment for the plaintiff awarding it $28.50. The Barren Fork Coal Company prosecutes this appeal, contending that the contract was void because obtained by false representations and that the verdict of the jury to the contrary is not sustained by the evidence. No cross-appeal has been taken.

We cannot say from the record that the contract was procured by the representation that the coal was desired

for school purposes.  Both parties testify that the school coal was included in the order; but there is a sharp dispute between them as to whether the entire order was to be for the schools.  The jury might very well find from the evidence that the coal for the schools was merely a part of the order.  In any event, the contract did not call for the coal required to supply the schools, but for a specific quantity.  After a breach of the contract, appellant could not be excused unless it could show that the entire contract depended upon the use of all the coal by the public schools of Mercer county.  As the evidence was conflicting on this subject, it was a question for the jury, and the court fairly submitted to the jury by the first instruction the whole contention of the appellant.  The jury was told that if the contract was obtained at a special price less than the regular price and covered only the amount of coal required for school purposes, the jury should find for the plaintiff the amount claimed by it and allow the defendant nothing on its counterclaim.  On the other hand, the second instruction submitted to the jury the issues arising on the counterclaim, and the jury was clearly and properly instructed.  Indeed, we do not understand the appellant is complaining on that score. The verdict of a properly instructed jury on conflicting evidence is conclusive on the court unless it is flagrantly and palpably against the evidence as a whole.

The argument for appellant that the verdict is contrary to the evidence cannot be sustained.  Whilst the testimony for appellant is to the effect that it would not have made the contract except to supply the schools, yet the correspondence does not bear out that understanding to the extent claimed.  It merely refers to the school coal and does not put any emphasis on that fact, the reference to schools being merely to identify the order.  However, the correspondence was not inconsistent with the testimony for plaintiff, and the verdict might well have been for it.  On the other hand, the defendant's testimony is equally positive that the coal for the school was mentioned as a mere incident of the contract; that it was known as a distributor of coal and desired coal for all its customers, including the public schools. The defendant's testimony tends to show that no reduction in price was induced by the fact that some of the coal was to be used by the schools.  The correspondence does not compel this construction, but is consistent with it, and, the evidence being in that condition, the jury was warranted in reach-

ing its verdict, and the result is not contrary to the evidence.

We cannot revise a verdict because the jury accepted the testimony of one witness rather than that of another or others. It appears to us that the case was fairly tried and that no prejudicial error against appellant was committed by the trial court.

The judgment is affirmed.