## Johnson v. Taylor.

(Decided Oct. 11, 1932.)

248

CLEM W. HUGGINS and J. RIVERS WRIGHT for appellant.

DAVID R. CASTLEMAN for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

Mrs. Claire Johnson owned and conducted for herself, in August, 1929, a business in the city of Louisville, Jefferson county, Ky. Harry Taylor at that time was engaged in business in a building adjoining or near the one occupied by Mrs. Johnson.

Taylor, the members of his family, and others habitually parked their automobiles on the street in front of the place of business of Mrs. Johnson. She claimed the parked cars interfered with and hurt her business. She protested to Taylor, which he disregarded, and he and the members of his family, including his wife, continued to park in front of her place of business.

On the day the combat occurred out of which this litigation arose, Mrs. Johnson became exasperated and lost her temper, and, while in this state of mind, she "watered their car" with a hose, at which time it was parked in front of her place, and, while she was so doing, Harry Taylor announced to her, if that was his car, he would have her arrested. From this point, the stories of the participants and those present diverge. Mrs. Johnson claims that Taylor assaulted her with his hands, violently threw her to the ground; seized her by the throat, and choked her into semi-consciousness, when he was pulled off, and then, while he was in the custody of a policeman, and as she started to pass by him, he, with great force, kicked her, striking her stomach. She was strongly corroborated in part by the policeman.

Taylor and his witnesses detail an entirely different rencounter. They claim that he did not strike Mrs. Johnson; she stumbled or her foot slipped and she fell; he did not choke nor kick her; he merely laid his hands on her shoulder and remonstrated because she made an

insulting, offensive, and a reflecting remark about his wife. He claims that he sustained injury inflicted on his face by Mrs. Johnson clawing him with her hands. The jury returned a verdict in favor of Taylor. Her petition was dismissed at her cost. She appeals.

She presents only one ground; i. e., "the verdict is contrary to the evidence and the law." She makes no complaint of the instructions to the jury. She concedes that she is not entitled to a reversal solely because the verdict of the jury is against the preponderance of the evidence. She confines herself to the insistence that the verdict is clearly and flagrantly against the evidence.

The testimony of Mrs. Johnson and her witnesses, and that of Taylor and his witnesses, is irreconcilably conflicting on every material question. The rule obtains that a reversal may not be had on conflicting evidence or because of a preponderance of the evidence in favor of the losing party, unless there is error in the record which has prevented the jury from giving a proper consideration to the case. Thompson v. Coleman, 219 Ky. 524, 293 S. W. 1089. The number of witnesses in behalf of Mrs. Johnson exceeds that of those testifying for Taylor, but the verdict of the jury cannot be interfered with by this court, on this ground. Gee v. Cowherd, 197 Ky. 460, 247 S. W. 364; Scanlon-Thompson Coal Co. v. Lick Branch Coal Co., 243 Ky. 100, 47 S. W. (2d) 1007.

The testimony of Taylor and his witnesses was sufficient to support the verdict. It is very clear that the evidence was sufficient to support the verdict for either Mrs. Johnson or Taylor. In such case this court will not interfere with the verdict. Keyser v. Damron et al., 159 Ky. 144, 167 S. W. 381; Price Brothers v. City of Dawson Springs, 190 Ky. 349, 227 S. W. 470. It is also a settled rule of this court that, where the evidence is conflicting, and the verdict is not flagrantly or clearly against the preponderance of the evidence, or the court cannot say that the jury was swayed by improper motives, this court will not disturb it. Castleman v. Littrell, 167 Ky. 736, 181 S. W. 336; Morgan v. Moore's Ex'x, 200 Ky. 684, 255 S. W. 540; Barren Fork Coal Co. v. Cogar Grain & Coal Co., 225 Ky. 270, 8 S. W. (2d) 399; Norton Coal Mining Co. v. Wilkey, 232 Ky. 539, 23 S. W. (2d) 942.

These prevailing rules forbid an interference by this court with an adverse verdict of the jury on such evidence as here presented; no other error appearing in the record.

Judgment affirmed.