## Hutcherson v. Louisville & N. R. Co.

(Decided Feb. 7, 1933.)

318

POLK SOUTH, Jr., for appellant.
MORRIS & JONES and ASHBY M. WARREN for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

The Louisville & Nashville Railroad Company owned and operated on Broadway street, Frankfort, Ky., a line of railroad extending from Lexington, Ky., to Louisville, Ky. On February 23, 1928, the city council of the city of Frankfort introduced, and gave its first reading, an ordinance authorizing the railroad company to relocate and reconstruct its track and bridge on Broadway street in the city of Frankfort, Ky. At an adjourned meeting held on February 28, 1928, the ordinance was amended, given its second reading, and adopted. Thereafter the terms of the ordinance were accepted by the railroad company, and the work of relocating and reconstructing its track and bridge on Broadway street was begun and continued until completed some time in 1929. When its track was relocated, it was constructed nearer the property to which William Hutcherson had accepted a deed from S. T. Marcus and wife, on the 27th day of March, 1928, when

he began, and continued, to occupy it as a residence. In 1931, Hutcherson filed this action in the Franklin circuit court, charging that, when relocated and reconstructed, its bridge and track were placed 25 or 30 feet nearer his property, and that the approaches to the bridge were 6 feet higher than were the old ones, and that the east approach was directly in front of his property, of solid concrete, and about 30 feet in height; that his passway in front of his property, leading over the bridge and to other parts of the city and county to the state highway, was destroyed; that his way of ingress and egress was materially obstructed; that the view from his property was entirely obstructed, as well as the circulation of air, light, and vision which he enjoyed before the new construction. He charges that, on account of the construction of its track and bridge, "cinders, smoke, steam, soot, dirt," etc., from the engines and trains, have been greatly increased and thrown on his property in much greater quantities than before; that the noise, vibration, and jars from the engines and trains have greatly increased and permanently injured his property. He claimed temporary damages alleged to have been sustained during the progress of the work, but so much of his petition as related thereto was on his motion dismissed, and it is not now here involved.

The railroad company traversed the allegations of the petition, and further alleged that, at the time Hutcherson purchased the property, and prior thereto, it was known to the plaintiff and his vendors and to the public generally that the proposed reconstruction and realignment of its track and bridge on Broadway street would be materially changed and removed from their then position, a distance of approximately 22 feet southward toward his property, and that the track would be raised approximately 4½ feet higher opposite his property. Issues were joined by appropriate pleadings, and, on a trial by a jury, a verdict was returned adverse to Hutcherson, and a judgment accordingly entered, from which he appeals.

The evidence respecting the issue as to the injury to his property resulting from the reconstruction and realignment of the track and the bridge is conflicting. It is very clear that it is sufficient to support a verdict for either Hutcherson or the railroad

company, but, under the prevailing rule of practice, this court on such ground cannot interfere with it. Keyser v. Damron, 159 Ky. 444, 167 S. W. 381; Price Brothers v. City of Dawson Springs, 190 Ky. 349, 227 S. W. 470; Johnson v. Taylor, 245 Ky. 247, 53 S. W. (2d) 550. Where the evidence is conflicting and the verdict is not clearly against the preponderance of the evidence, or the court cannot say the jury was swayed by improper motives, this court will not disturb it. Barren Fork Coal Co. v. Cogar Grain & Coal Co., 225 Ky. 270, 8 S. W. (2d) 399; Norton Coal Mining Co. v. Wilkey, 232 Ky. 539, 23 S. W. (2d) 942. The number of witnesses in behalf of Hutcherson exceeds those testifying for the railroad company, but this fact does not authorize this court to interfere with the verdict of the jury. Gee v. Cowherd, 197 Ky. 460, 247 S. W. 364; Scanlon-Thompson Coal Co. v. Lick Branch Coal Co., 243 Ky. 100, 47 S. W. (2d) 1007. As to the question of general knowledge of the public and the knowledge of Hutcherson that the railroad company was going to reconstruct, realign, and move its tracks nearer the property of Hutcherson, the evidence is not so conflicting. Hutcherson admits that he had some information of the intention of the railroad company to relocate and realign its bridge and track on Broadway street, but did not believe it. At the time the ordinance was pending before the city council, in February, 1928, the citizens owning and occupying property adjacent to, and in the vicinity of, that conveyed to Hutcherson on March 27, 1928, congregated at the time and place of the meeting of the city council and vigorously protested to the council, while in session, against the enactment of the ordinance authorizing the reconstruction and realignment of its track by the railroad company and the approaches to the bridge nearer their property. Before Hutcherson purchased the property, the ordinance had been introduced, so protested against, received its first reading, and published in the State Journal, a paper of large and general circulation in the city of Frankfort and Franklin county, in its issue of February 28, 1928. At that time the railroad company's track and structure existed in the street immediately in front of Hutcherson's property, and the purpose of the ordinance against which the protest was being made was to authorize the removal and relocation in the street of the roadbed, track, and bridge near the prop-

erty. Section 14 of the Bill of Rights and section 242 of the Constitution of Kentucky abolish the requirement of direct physical injury to property in order to establish a claim for damage for the construction of a railroad track in a street of a city. City of Henderson v. McClain, 102 Ky. 402, 43 S. W. 700, 19 Ky. Law Rep. 1450, 39 L. R. A. 349, 39 L. R. A. 403; Chesapeake & O. R. Co. v. May, 157 Ky. 708, 163 S. W. 1112; City of Louisville v. Kaye, 122 Ky. 599, 92 S. W. 554, 29 Ky. Law Rep. 116; Jeffersonville Madison & I. R. Co. v. Esterle, 13 Bush, 667; Maysville & B. S. R. Co. v. Connor, 29 S. W. 344, 16 Ky. Law Rep. 635; Elizabethtown, L. & B. S. R. Co. v. Walton, 9 Ky. Law Rep. 243; Chesapeake & O. Ry. Co. v. Smith, 51 S. W. 12, 21 Ky. Law Rep. 175; Louisville & N. R. Co. v. Lambert, 110 S. W. 305, 33 Ky. Law Rep. 199.

The measure of recovery in such case is the difference between the fair market value of the property claimed to have been injured, just before it is generally known that the railroad track will be constructed in a street, and the fair market value after the same is completed, if there is any decrease or diminution in value caused by the construction of the track as it will be made. City of Louisville v. Kaye, supra; City of Louisville v. Hegan, 49 S. W. 532, 20 Ky. Law Rep. 1532; City of Henderson v. Winstead, 109 Ky. 328, 58 S. W. 777, 22 Ky. Law Rep. 828; City of Louisville v. Bohlsen, 61 S. W. 1014, 22 Ky. Law Rep. 1864; City of Louisville v. Caron, 90 S. W. 604, 28 Ky. Law Rep. 844; City of Henderson v. Crowder, 91 S. W. 1120, 28 Ky. Law Rep. 1255; Louisville & N. R. Co. v. Lambert, supra; Chesapeake & O. R. Co. v. Smith, supra; Chesapeake & O. R. Co. v. Stein, 142 Ky. 515, 134 S. W. 1169; Board of Councilmen of City of Frankfort v. Brammell, 220 Ky. 132, 294 S. W. 1076. But, where there is not an original construction, but a reconstruction and a re-alignment of the track in the street as in this case, the criterion of recovery, if any, is such sum as represents the decrease in the market value of the property just before it was generally known that the reconstruction was to be made as it will be made, and the fair market value after it is completed, if there is any decrease or diminution in value caused by the reconstruction of the track as when made. Jeffersonville M. & I. R. Co. v. Esterle, supra, and other cases supra. The only

complaint here is that it was changed from a rock to a cement foundation, raised higher, and moved nearer the Hutcherson property. His cause of action is for alleged increased damage and not for the original construction of the track and foundation. The court in his instructions properly limited his right of recovery to damage recoverable for a reconstruction and the material increase of the injury to the property. Hutcherson complains vigorously against instruction No. 4, which authorized the jury, if it believed from the evidence that he purchased his property after it became generally known that the railroad track and the structure on the street would be changed in the location or otherwise, to find for the railroad company. This instruction was authorized by the pleadings and the evidence, and the principle which it embraces was approved by this court in the cases supra. It is based on the presumption that, if any damage resulted, the same occurred when it became generally known to the public that the road was going to be changed in accordance with the ordinance, and before Hutcherson acquired his title, and that on account thereof, when he purchased and accepted the deed, he did so at a reduced price. Muir v. Cox, 110 Ky. 560, 62 S. W. 723; East Cairo Ferry Co. v. Brown, 233 Ky. 299, 25 S. W. (2d) 730; Long v. Howard, 229 Ky. 369, 17 S. W. (2d) 207; Hedges v. Stucker, 237 Ky. 351, 35 S. W. (2d) 539. The facts of this case distinguish it from Petroleum Exploration Co. v. McGeorge, 225 Ky. 131, 7 S. W. (2d) 821. In it, there was merely ''a threatened injury'' to the land at the time it was conveyed to the plaintiff. Here the railroad track and structure existed and was in actual use on Broadway street, and the fact that they were to be relocated immediately nearer the property purchased by Hutcherson was generally known, and an ordinance authorizing it had been published in a newspaper, given its first reading, and the beginning of the reconstruction was virtually an accomplished fact. The injury, if any, to the property he purchased with such knowledge, was quite different from a ''mere threatened one.'' The residents occupying the homes on Broadway street, en masse, publicly protested to the city council against the change, but had failed in their efforts. Hutcherson purchased the property during the time there was much ado by those owning property on Broadway street because of the very act of the railroad

company of which he complains. However, if Hutcherson is a bona fide purchaser of his property, without notice, actual or constructive, of the railroad's easement as it was after its roadbed, track, and bridge were completed in accordance with the ordinance, his property as to him is relieved of the increased burden or change of the easement as it existed after the change of the roadbed, track, and bridge, and he is therefore entitled to recover the subsequently resulting damage to his property. Arnett v. Stephens, 199 Ky. 733, 251 S. W. 947; Carrier v. Kavanaugh, 198 Ky. 25, 247 S. W. 1107; Ky. River Coal Corp. v. Sumner, 195 Ky. 119, 241 S. W. 820. Actual notice, when applied to such a purchaser, is such notice as is required to be given in some particular way. Constructive notice is such notice as results from some public act required to be done in a particular manner. Chesapeake & O. R. Co. v. Mullins, 94 Ky. 355, 22 S. W. 558, 15 Ky. Law Rep. 139. Implied or presumptive notice may be equally as efficient as either actual or constructive notice, but suspicion is not sufficient. Willis v. Vallette, 4 Metc. 189. Whatever puts a party on inquiry amounts in law to notice, provided an inquiry becomes a duty, as in the case of a purchaser or a creditor, as would lead to a knowledge of the requisite facts by the exercise of ordinary intelligence and understanding. Russell v. Petree, 10 B. Mon. 184; Everidge v. Martin, 164 Ky. 497, 175 S. W. 1004; Lain v. Morton, 63 S. W. 286, 23 Ky. Law Rep. 438; Allen v. Ligon, 175 Ky. 767, 194 S. W. 1050; Cable Piano Co. v. Lewis, 195 Ky. 666, 243 S. W. 924; Martin & Co. v. A. B. Maggard & Son, 206 Ky. 558, 267 S. W. 1102.

The facts and circumstances in this case were equivalent to full notice of all the facts that inquiry would have disclosed to him. Lain v. Morton; Allen v. Ligon; Cable Piano Co. v. Lewis and Martin & Co. v. A. B. Maggard & Son, supra. Therefore he is in no sense an innocent purchaser, and must be regarded as having acquired the property subject to the burden of the easement as if it existed at the date of his deed.

Perceiving no error, the judgment is affirmed.