## King v. Brown.

Oct. 31, 1944.

E. Bertram for appellant.

Duncan & Duncan for appellee.

OPINION OF THE COURT BY JUDGE HARRIS—Affirming.

The appellee, Joe W. Brown, and one John C. Brammer were the owners of adjoining tracts of land in Wayne County. The tract of each was somewhat low and flat, but appellant's tract was higher than Brammer's. Rains, especially heavy ones, resulted in the accumulation of water in damaging quantities on appellant's land and its consequent overflow onto the Brammer land. To correct this condition, and for their mutual benefit, appellant and Brammer, in 1927, entered into a contract—which they acknowledged and promptly recorded in the office of the Clerk of Wayne County—by the terms of which they agreed upon and established a divisional line between their properties and made pro-

vision for the construction of a ditch to carry away the water that accumulated on the Brown land. That portion of the contract which is pertinent to this law suit reads:

"It is agreed and understood herein that the party of the second part, Joe W. Brown shall have a right of way over the land of parties of the first part, John C. Brammer and wife, to construct and maintain a ditch or tile the water coming off of the said Joe W. Brown's farm where the water would naturally flow, free of cost and without damage to the said John C. Brammer and Lerta Brammer, his wife. And the party of the second part, Joe W. Brown shall have the right to fill said ditch up if in any way it should damage him, the said Joe W. Brown, all of the acts of the said Joe W. Brown shall be without damage to the parties of the first part."

Shortly thereafter the appellee began construction of the ditch, which he completed within about a year. As constructed, it is about four feet wide, some three or four feet in depth and extends over the Brammer land for a distance which is hard to determine from the testimony—which is somewhat conflicting and confusing—but the appellant says that the distance is about fifty steps. About the year 1938, the appellant King purchased the Brammer land, which he ever since has possessed and occupied. From the date of its completion until shortly before the filing of appellee's petition in the lower court the ditch remained open, visible and unobstructed and served its purpose. In the year 1943, the appellee instituted this action in equity in the Wayne Circuit Court, charging:

"* * * that pursuant to said contract he has maintained said ditch across the lands of the said John C. Brammer up until said lands were sold to the defendant, Tom King, and that he continued to maintain said ditch after the sale until within the past few weeks, at which time the defendant, Tom King, filled or caused to be filled said ditch with rocks or other substances to such an extent that the drainage of water from the lands of the plaintiff has been obstructed and defendant has refused to permit plaintiff to enter upon the lands for the purpose of removing said obstruction."

Following other allegations necessary to a proper statement of his cause of action, appellee's petition closed with a prayer that appellant be required to remove the obstructions complained of and be enjoined, etc. From the judgment granting the plaintiff the relief prayed for,

which is amply sustained by the evidence, the defendant prosecuted this appeal.

By his answer and counterclaim the appellant too pleads and relies upon the agreement between appellee and Brammer and charges that appellee has violated the same by so constructing the ditch as to cause all the surplus water to overflow appellant's land and render it unsuitable for cultivation or other purpose, to appellant's damage in the sum of $1,000. The appellant does not plead that appellee has refused or failed to keep the ditch open and unobstructed. His pleading is not sufficient as, and it does not purport to be, a pleading for damages to crops or for damage on account of a diminution in rental value. Whatever he may have intended, his pleading is, in effect, simply a claim that appellee did not construct the ditch in accordance with the contract, with the result that appellant's land has been damaged to the extent of $1,000. The kernel of his pleading is contained in next to the last paragraph thereof:

"He states that plaintiff has violated his said agreement by failing to make any provision whatever for taking care of the water after it reaches the lands of defendant, and by turning said water on the defendant's land and permitting it to run over and cover up a large area of his very best land and by letting said water stand and remain on defendant's land so as to utterly destroy it and render it unsuitable for cultivation or for any other purpose, to defendant's damage or for other purpose, to defendant's damage in the sum of $1,000.00."

By contemporaneous construction by the parties— Brammer and appellee—and by usage over a period of more than ten years, the ditch, as constructed and as maintained during and throughout all of that period of time, was recognized and accepted by them as constituting a compliance with the contract. And not only did appellant have constructive notice of the contract and of the rights of the parties thereto; not only was the ditch open and visible and purporting to be serving the purpose for which it had been constructed, the evidence shows that the appellant was told personally of the existence and nature of the contract before he made his purchase. With his eyes wide open and with a full knowledge that the land which he was acquiring was burdened with the contractual and easement rights of the appellee, he elected to go ahead. Under these cir-

cumstances, he is not in a position to complain of the presence or of the insufficiency of the ditch, so long as appellee keeps it open and unobstructed. As stated in Hedges v. Stucker, 237 Ky. 351, 35 S. W. 2d 539, it is presumed that he purchased his land subject to the servitude upon it. Muir v. Cox, 110 Ky. 560, 562, 62 S. W. 723. And following the principle approved in Hutcherson v. Louisville & N. R. Co., 247 Ky. 317, 57 S. W. 2d 12, it is presumed that he made the purchase at a reduced price.

In his brief the appellant argues that if he is not entitled to the relief which he seeks, the contract in question is unilateral. The Court does not so construe the contract; and, besides, no such question is presented by his pleading.

The authorities cited by appellant have been carefully read and considered and found not to be incompatible with the conclusions herein reached. A consideration of or a ruling upon the appellee's pleas of limitation is found to be unnecessary.

Judgment affirmed.