COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Astor TACKETT et al., Appellees.

Court of Appeals of Kentucky.

June 15, 1973.

Rehearing Denied Sept. 28, 1973.

James D. Robinson, Gen. Counsel, Dept.
of Highways; Frankfort, R. Clayton
Smoot, Ashland, for appellant.

John W. McKenzie, Earle W. Moffitt,
Ashland, for appellees.

STEINFELD, Justice.

For the construction of Interstate High-
way 64 on June 19, 1961, the Common-
wealth condemned 18.44 acres out of appel-
lees' land containing 107.3 acres, which
tract had abutted Terrapin (sometimes
Tarpin) Ridge Road in Boyd County.
This taking left 83.42 acres landlocked and
about 5.44 acres of the most level portion
fronting on Terrapin Ridge Road. The
jury fixed the before value of the land at
$33,500 and the after value at $4,000, for a
difference of $29,500, on which verdict
judgment was entered. The Common-
wealth appeals. We reverse.

This land was purchased by appellees
Wheeler Nickell and Astor Tackett on De-
cember 17, 1959, for $2,000, just eighteen
months before it was condemned; never-
theless, they testified that it was worth

$53,000 when it was taken. Nickell and Tackett were licensed realtors active in their profession in Boyd County before and at the time they bought the land.

Before the trial began a motion was made to limit any award to the purchase price paid by appellees. To support that motion evidence was heard which disclosed that notices of a public hearing of this project appeared on April 29, 1958, and on May 6, 1958, in the Ashland Daily Independent, a newspaper of that area. The hearing was conducted at the Cannonsburg School on May 13, 1958, with approximately seventy-five citizens in attendance. Before the purchase by appellees occurred, surveys had been completed, all right-of-way stakes set, and a number of other tracts of land in the area had been acquired by the Commonwealth. The appellees denied that at the time they purchased the land they had any knowledge that it would be involved in the project, but the Commonwealth insists that this is inconceivable. The trial court made no finding as to whether appellees knew of the project. It concluded that it should not limit the award to the purchase price and it refused to permit the Commonwealth to show the amount which appellees had paid for the property.

The Commonwealth continues to argue that the limit of the recovery is $2,000, claiming that the law in Kentucky restricts a purchaser with knowledge of a pending public project from recovering more than the price he paid for the involved land.[1] By virtue of such claimed rule, the Commonwealth contends that the jury should have been directed to determine whether the landowners purchased the property at a reduced price due to the impending project and whether the purchasers were put on inquiry as to the project prior to their purchase. It cites Chesapeake & Ohio Railway Co. v. Mullins, 94 Ky. 355, 22 S.W. 558 (1893); Cable Piano Co. v. Lewis, 195 Ky. 666, 243 S.W. 924 (1922); Martin & Co.

v. Maggard & Son, 206 Ky. 558, 267 S.W. 1102 (1925); and Hutcherson v. Louisville & Nashville Railroad Co., 247 Ky. 317, 57 S.W.2d 12 (1933).

The cases cited by the Commonwealth do not establish any such rule as it claimed to exist, at least as applied to condemnation cases. The first three cited cases have no relevance at all, since they merely involve liabilities that may arise from constructive notice as distinguished from actual notice. Hutcherson, in which a claim for damages was asserted for the relocation of railroad tracks, held that a purchaser with notice of a public project should be regarded as having acquired the property subject to the burden of an easement as if such easement had existed at the time of the conveyance to him. However, the holding in Hutcherson is not appropriate in condemnation cases. Commonwealth, Department of Highways v. Claypool, Ky., 405 S.W.2d 674 (1966).

Our research has led us to consider United States v. Miller, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336, 147 A.L.R. 55 (1943), in which two real estate speculators had purchased land after the federal government was committed to a project. There the court stated:

"The question then is whether the respondents' lands were probably within the scope of the project from the time the Government was committed to it. If they were not, but were merely adjacent lands, the subsequent enlargement of the project to include them ought not to deprive the respondents of the value added in the meantime by the proximity of the improvement. If, on the other hand, they were, the Government ought not to pay any increase in value arising from the known fact that the lands probably would be condemned. The owners ought not to gain by speculating on probable increase in value due to the Government's activities."

---

1. No argument is made that this amount should be reduced because only 18.44 acres were condemned out of the 107.3 acres purchased by appellees.

As we see it, the holding in Miller is simply that the owner of condemned land cannot recover by virtue of any enhancement in value that arose from the fact that the project was to be constructed. That holding will apply to a long-time owner the same as to a speculating recent buyer. It is no authority for a rule that a buyer with knowledge of a proposed project cannot recover more than the price he paid.

We also have considered Commonwealth v. Raybourn, Ky., 359 S.W.2d 611 (1962). The holding in that case was that where a landowner, after learning of the planned condemnation, purchased an additional parcel of land adjoining a tract previously owned by him, he could not count the added parcel as being united with his former tract in an integral unit. It is true that the opinion in that case is subject to the interpretation that the reason for not allowing the two pieces to be treated as an integral unit was because the owner bought the second parcel after he knew of the planned condemnation, but we think the real reason was simply that the purchased parcel was not at the time of the condemnation actually united in use with the original tract in such a way as would warrant them being considered an integral unit.

◼ From our holdings in Commonwealth, Department of Highways v. Claypool, Ky., 405 S.W.2d 674 (1966), and in Usher and Gardner, Inc. v. Mayfield Ind. Bd. of Ed., Ky., 461 S.W.2d 560 (1971), it is clear that in condemnation suits the "before" value of the property is to be fixed as of the taking date, excluding only enhancement or depreciation in value attributable to knowledge that the public improvement is to be made. The fact that the owner may have bought it at a price below its actual value, knowing of the proposed project and expecting to make a profit, is not a basis for limiting his recovery, because the measure of recovery is value and not the particular owner's investment. Kentucky Constitution, Section 13.

It will be seen from the foregoing that there is no merit in the Commonwealth's contention that the jury should have been directed to determine whether the landowners purchased the property at a reduced price due to the impending project and whether the purchasers were put on inquiry as to the project prior to their purchase. The instructions approved for condemnation proceedings in such cases as Commonwealth, Department of Highways v. Brumfield, Ky., 418 S.W.2d 231 (1967), and Commonwealth, Department of Highways v. Eberenz, Ky., 435 S.W.2d 753 (1969), give adequate protection to all parties.

◼ Although the purchase price is not an arbitrary limit on recovery, the amount of the purchase price should have been admitted in evidence. "Thus, evidence of the price paid for condemned real property on a sale prior to the proceedings in which condemnation is sought is generally admissible in such proceedings, at least where the sale is voluntary, is not too remote in point of time, or is not otherwise shown to have no probative value." 27 Am.Jur.2d, Eminent Domain, Sec. 428, p. 327. Also see 29A C.J.S. Eminent Domain § 273(5), p. 1203; and Epstein v. City and County of Denver, 133 Colo. 104, 293 P.2d 308, 55 A. L.R.2d 783 (1956). This land was bought only eighteen months before the suit to condemn was lodged, which time was not too remote for jury consideration. See Annotation, 55 A.L.R.2d 802, Sec. 5(b). The purchase price was information which would have enlightened the jury. Cf. Kirk et al. v. Commonwealth, Department of Highways, Ky., 495 S.W.2d 179 (decided May 18, 1973).

◼ The Commonwealth objected to testimony as to values which related to other sales which the witnesses considered comparable. We have said many times that within prescribed limits it is for the valuation expert to determine what he considers the factors which determine market

price (See Commonwealth, Department of Highways v. Ward, Ky., 461 S.W.2d 380 (1970)), and it is for the jury to evaluate that testimony. He need not use comparable sales. Commonwealth, Department of Highways v. Woolum, Ky., 415 S.W.2d 83 (1967); Commonwealth, Department of Highways v. Farmers Livestock Sales, Inc., Ky., 441 S.W.2d 777 (1969). The knowledge or lack of it as to other real estate transactions affects only the weight of the testimony of the witness.

Other complaints are made, but they are unlikely to arise on another trial, if one is held; therefore, we deem it unnecessary to consider those questions and they are specifically reserved.

The judgment is reversed for a new trial consistent with this opinion.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.