The Honorable Jimmie Lou Fisher Treasurer of State State of Arkansas State Capitol Little Rock, AR 72201
Dear Ms. Fisher:
This is in response to your request for an opinion regarding the early retirement incentive program that was enacted under Act 187 of 1987. Your questions pertain to an individual who, at the time of retirement under this act, was member of the Arkansas Teacher Retirement System and covered under Act 808 of 1987. Your specific questions are as follows:
 1. Would they be eligible to serve as a legislator in the Arkansas Senate or House of Representatives with the full benefits, with the exception of participating in the Public Employees Retirement System?
 2. If not eligible, would this not be a violation of the constitutional rights of individuals desiring to seek a position as an elected official of State Government?
Your questions are most easily addressed together, since both require consideration of the prohibition in Act 187 of 1987 against "further employment in which the state is the employer." A.C.A. 24-4-732(a)(1) (Supp. 1989); see also A.C.A. 24-3-216 (Supp. 1989). It must be initially noted in this regard that the legislature has not provided a definition of the term "employment" for purposes of this prohibition following early retirement. The Attorney General, as a member of the executive department of government, cannot provide a controlling definition of a term where the legislature has elected not to provide one. This office has previously suggested, however, that the courts would probably construe the term within the context of laws governing public employees retirement. See Opinion No. 87-467. Under that construction, "employment" would in all likelihood be deemed to include public office. Id.
It is also my opinion, however, that a court would address your first question in light of constitutional concerns surrounding limitations on one's eligibility to serve in public office. See, e.g., Brewster v. Johnson, 260 Ark. 450, 541 S.W.2d 306 (1976). We cannot predict with certainty whether a court would apply the "compelling state interest" or the "reasonable basis" test in this context. One might contend that the legislature intended to prevent the retirant's return to any position that is included in a retirement system supported by the state. It must also be recognized, however that every reasonable construction will be resorted to in order to resolve any doubts in favor of a statute's constitutionality. Stone v. State, 254 Ark. 1011, 1013,498 S.W.2d 632 (1973). This precept may very well compel a court to reject a construction that would pose constitutional problems.
It becomes apparent that the final decision on this issue must remain with the courts, in the absence of any statutory guidance or judicial authority directly on point. While the term "employment" may, in my opinion, reasonably be construed to encompass public office for purposes of the early retirement law, constitutional questions may lead to the rejection of this construction with respect to the prohibition under Act 187 against "further employment."
While we are unable to offer a conclusive response to your questions, we hope that the foregoing offers guidance in addressing the surrounding issues.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.